U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 18 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN M. MEEKS, | § | |
| Plaintiff, | § | |
| VS. | § | NO. 4:17-CV-731-A |
| WELLS FARGO BANK, N.A., | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Wells Fargo Bank, N.A., to dismiss. The court, having considered the motion, the response of plaintiff, John M. Meeks, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

The operative pleading is plaintiff's first amended complaint filed October 20, 2017. The amended complaint was filed in response to the court's order of October 10, 2017, requiring plaintiff to meet the pleading requirements of the Federal Rules of Civil Procedure, the case having originally been filed in state court.

Plaintiff alleges: He signed a promissory note in the amount of $142,373.00 secured by a deed of trust. He was unable to work and requested loss mitigation assistance from defendant. He

submitted a complete loss mitigation package to defendant but never received any written communication from defendant regarding approval or denial of loan modification.

Plaintiff says that defendant has violated 12 C.F.R. § 1024.41. He seeks to recover actual and statutory damages.

II.

Grounds of the Motion

Defendant urges that plaintiff has not stated a plausible claim because he has not alleged that this was his first loss mitigation application[1]; nor has he alleged actual damages. In addition, defendant says that plaintiff's claims based on alleged oral instructions not to pay his mortgage are barred by the statute of frauds.

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests,"

---

[1] A contention that this was not plaintiff's first loss mitigation application would seem to be in the nature of an affirmative defense. In any event, the court need not discuss this alternate ground of the motion.

2

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir.

4

1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

Defendant urges that plaintiff has not pleaded facts to support his allegation of actual damages. To show damages, there must be a causal connection between the RESPA violation and actual damages. Armendariz v. Bank of Am., N.A., No. EP-15-CV-00020-DCG, 2015 WL 3504961, at *5 (W.D. Tex. May 21, 2015); Hurd v. BAC Home Loans Serv., L.P., 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012). Where the plaintiff has alleged no facts upon which his injuries could be viewed as resulting from defendant's failure to provide notice under RESPA, the claim is properly dismissed. Law v. Ocwen Loan Serv., L.L.C., 587 F. App'x 790, 795 (5th Cir. 2014). Here, plaintiff has only alleged that he "expended significant time on the process of applying for this loan modification request and estimates incurred expenses in the

approximate amount of $500.00." Doc.² 7 at 3, ¶ 15. Plaintiff does not cite to any facts pleaded that would support his contention; rather he simply makes the conclusory allegation in his response that "[d]ue to Defendant's failure to comply with 12 C.F.R. Section 1024.41, Plaintiff has had to spend time in completing and submitting all requested documentation including financial information . . . ." Doc. 14 at 5.³

Defendant additionally points out that although plaintiff's complaint refers to statutory damages, plaintiff has not pleaded that defendant has engaged in any pattern or practice of noncompliance so as to invoke the statutory damages provision. 12 U.S.C. § 2605(f). Plaintiff apparently concedes this point, making no response to the argument.

Finally, defendant maintains that plaintiff's claims based on alleged oral instructions not to make mortgage payments are barred by the statute of frauds.⁴ Under Texas law, oral promises or agreements to modify a loan of more than $50,000.00 must be in writing to be enforceable. Williams v. Wells Fargo Bank, N.A.,

---

²The "Doc. __" reference is to the number of the item on the docket in this action.

³Thus, plaintiff appears to admit that he did not submit a complete loss mitigation application. A "complete loss mitigation application" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

⁴It is not clear that plaintiff is asserting such a claim. The only alleged basis for damages is "Violations of 12 CFR Section 1024.41" set forth at pages 3-4 of the amended complaint. Doc. 7.
6

560 F. App'x 233, 238-39 (5th Cir. 2014). A written agreement governed by the statute of frauds cannot be materially modified by subsequent oral agreement. Gordon v. JP Morgan Chase Bank, N.A., 505 F. App'x 361, 364 (5th Cir. 2013). This includes an agreement to forego or delay foreclosure. See Krudop v. Bridge City State Bank, No. 09-05-111 CV, 2006 WL 3627078, at *4 (Tex. App.--Beaumont Dec. 14, 2006, pet. denied).

Apparently recognizing the statute of frauds problem with the alleged oral modification of his payment obligation, plaintiff appears to argue that defendant made an oral promise to sign an existing document that would satisfy the statute of frauds. Doc. 14 at 5-6. However, no facts are pleaded that would support such a claim. Further, plaintiff has not alleged facts to show that invoking equity here to circumvent the statute of frauds is necessary to prevent actual fraud as opposed to mere wrong. See Birenbaum v. Option Care, Inc., 971 S.W.2d 497, 503 (Tex. App.--Dallas 1997, pet. denied). Based on what he has pleaded and the argument of his response, there is no reason to believe that he could allege such a claim.

As defendant notes, plaintiff obtained injunctive relief in the state court prior to removal of this action to prevent foreclosure of the lien against his property. The only relief sought here is damages for failure to comply with federal

7

regulations governing loss mitigation. Plaintiff has not pleaded facts to show that he suffered any such damages. Despite having known for several months the alleged deficiencies in his pleading,[5] plaintiff has not sought leave to amend. Rather than meeting his own pleading burden, he attempts to shift the burden to the court to tell him what he needs to do if any of his claims are deficient. Doc. 14 at 7. Accordingly,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiff's claims be, and are hereby, dismissed.

SIGNED January 18, 2018.

_____
JOHN McBRYDE
United States District Judge

---

[5] The motion to dismiss was filed in October 2017 and plaintiff was twice granted lengthy extensions of time in which to respond. Docs. 11, 13.